**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

DOV HIKIND,   Civil Action No. _____

       Plaintiff,

-against-

ALEXANDRIA OCASIO-CORTEZ,

       Defendant.

-------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**PRELIMINARY STATEMENT:**

1. Plaintiff, Dov Hikind ("Mr. Hikind" or "Plaintiff"), is a known and staunch advocate for Jewish causes and the State of Israel. Mr. Hikind is the founder of Americans Against Anti-Semitism. Importantly, Mr. Hikind has criticized Defendant, Alexandria Ocasio-Cortez ("AOC" or "Defendant"), via Twitter on multiple occasions, most recently in response to AOC's claims that the United States Government is running "concentration camps" on the boarder, similar to those in the Holocaust.

2. Mr. Hikind has been blocked by Defendant from the @AOC account because of opinions he expressed regarding AOC and in reply to Defendant's tweets.

3. Because of Plaintiff's criticisms of AOC, Mr. Hikind has been prevented or impeded from viewing AOC's tweets, from replying to the tweets, from viewing discussions associated with the tweets, and from participating in those discussions.

4. Alexandria Ocasio-Cortez is a popular elected member of the United States House of Representatives. AOC maintains an active Twitter account with the handle @AOC. This is AOC's verified Twitter account and is the account to which AOC regularly posts and engages in

both news, events, political speech, and advocates for her positions. AOC uses Twitter as an important public forum for speech.

5. In an effort to suppress contrary views, Defendant has excluded Twitter users who have criticized AOC and her positions as a Congresswoman via "blocking". This practice is unconstitutional and must end.

6. This very practice has been litigated with regard to President Donald Trump blocking individuals on Twitter, and has recently been found unconstitutional.

7. The Supreme Court has acknowledged that social media is a "vast democratic forum" analogous to traditional public forums, such as parks. *See Packingham v. North Carolina*, ___ U.S. ____, 137 S. Ct. 1730, 1735-36, 198 L. Ed. 2d 273 (2017). As the Second Circuit Court of Appeals recognized today, July 9, 2019, it is unconstitutional to for a political figure to "engage in viewpoint discrimination by utilizing Twitter's 'blocking' function to limit certain users access to [a] social media account, which is otherwise open to the public at large, because [they] disagree with their speech." *Knight First Amendment Institute, et. al., v. Donald J. Trump, et. al.*, No. 18-1691-cv, slip op. at 4 (2d Cir. 2019) (decided July 9, 2019). Twitter is an interactive space which is a designated public forum. *Knight First Amendment Institute v. Trump*, 302 F. Supp. 3d 541, 574 (S.D.N.Y. 2018).

8. The manner in which AOC uses the @AOC Twitter account makes it a public forum under the First Amendment. Defendant's account is open and accessible to all taking advantage of Twitter's interactive platform to directly engage the AOC's 4.7 million followers. AOC's tweets routinely generate comments both on Twitter and in the general media.

9. AOC uses Twitter to make formal announcements, opine on a range of social matters both domestic and abroad, endorse candidates, engage with follows of her account, promote Defendant's agenda, and other matters.

10. AOC uses @AOC far more than her other Twitter handle of @repAOC. Defendant's use of @AOC is often multiple times a day with millions of followers. AOC's @repAOC only has 171,000 followers with irregular posting. Defendant's @AOC handle on Twitter is her primary public forum on that platform.

11. AOC's actions violate the First Amendment rights of Mr. Hikind, others like Mr. Hikind, and those who follow the @AOC account and are now deprived of their right to read the speech of the dissenters who have been blocked.

12. Plaintiff respectfully ask that this Court declare that the viewpoint-based exclusion occurring here violates the First Amendment, order the Defendant to restore Mr. Hikind's access, and bar Defendant from blocking access to her twitter account.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201–2202.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and (e)(1). A substantial part of the events giving rise to this claim occurred in this District, and Defendant is a member of the United States Congress with an active office within the district.

## PARTIES

15. Dov Hikind, is now a private citizen who founded and runs an advocacy organization called Americans Against Anti-Semitism. Mr. Hikind holds a strong public

presence due to his advocacy involving both domestic and international matters concerning the Jewish people. Mr. Hikind lives in Kings County, New York and is a former New York State Assemblyman. Mr. Hikind maintains an active verified Twitter account under the handle @HikindDov

16. Defendant Alexandria Ocasio-Cortez is a Congresswoman representing the 14th District in New York State, which encompasses parts of the Bronx and Queens. AOC operates and/or oversees the operation of a verified Twitter account under the handle @AOC. Defendant, and/or her agents, have blocked Plaintiff from her @AOC account.

## FACTUAL ALLEGATIONS

17. Twitter is a social media platform with millions active users worldwide, including some 70 million in the United States. The platform allows users to publish short messages, to republish or respond to others' messages, and to interact with other Twitter users in relation to those messages. Speech posted on Twitter ranges from comedy to commentary, but particularly relevant here is that a significant amount of speech posted on the platform is speech by, to, or about the government.

18. A Twitter "user" is an individual who has created an account on the platform. A user can post "tweets," which contain short messages, to a webpage on Twitter that is the user's account. Tweets can include photographs, videos, and links.

19. A Twitter user's webpage displays all tweets generated by the user, with the most recent tweets appearing at the top of the page. This display is known as a user's "timeline." When a user generates a tweet, the timeline updates immediately to include that tweet. Anyone who can view a user's public Twitter webpage can see the user's timeline.

20. A Twitter user must have an account name, which is an @ symbol followed by a unique identifier (e.g., @AOC), and a descriptive name (e.g., Alexandria Ocasio-Cortez). The account name is called the user's "handle." Alongside the handle, a user's webpage will display the date the user joined Twitter and a button that invites others to "Tweet to" the user. A user's Twitter webpage may also include a short biographical description; a profile picture, such as a headshot; a "header" image, which appears as a banner at the top of the webpage; the user's location; a button labeled "Message," which allows two users to correspond privately; and a small sample of photographs and videos posted to the user's timeline, which link to a full gallery. Thus, part of the webpage for Defendant looks as follows:



21. Twitter is set to be publicly accessible by default. Even those without twitter accounts can have access to view a user's page, though they cannot interact with the twitter platform.

22. The interaction users have on Twitter with one another is comprehensive: they can direct message privately, publicly, re-tweet each other, favorite/like each other's comments, engage in multiple person discussion via a twitter thread which stems from the initial post.

23. Importantly, users can mention each other causing the mentioned user to receive a notification of the post they are mentioned in.

24. Twitter does engage a privacy option which allows for "Protected" tweets.

25. A user whose account is public, such as AOC, but who wants to make his or her tweets invisible to another user can do so by "blocking" that user. "Blocking" must be affirmatively done by the user. A user who blocks another user prevents the blocked user from interacting with the first user's account on the Twitter platform. A blocked user cannot see or reply to the blocking user's tweets, view the blocking user's list of followers or followed accounts, or use the Twitter platform to search for the blocking user's tweets. The blocking user will not be notified if the blocked user mentions her; nor will the blocking user see any tweets posted by the blocked user.

26. When the blocked user attempts to follow the blocking user, or to access the Twitter webpage from which the user is blocked, the user will see a message indicating that the other user has blocked him or her from following the account and viewing the tweets associated with the account. This is an example of a notification from Twitter that a user has been blocked:



**THE @AOC ACCOUNT:**

27.     Defendant has been a public member of twitter since April 2010.  In 2018, AOC was elected to Congress.  During her campaign and after, Defendant has regularly used Twitter

as way to communicate her views, positions, advocate for matters, comment on other tweets, re-tweet, and block those whom she does not agree with.

28. AOC has following of over 4.7 million followers on Twitter.

29. AOC regularly posts political messages of both a public nature. Defendants twitter page was active with over 17 tweets and re-tweets between July 8, 2019 and July 9, 2019 alone. Each of these tweets involves a public interest and matters of official capacity, such as immigration, climate change, public housing, among other topics. These tweets alone contain over 200,000 likes; 50,000 re-tweets; and approximately 20,000 comments.

30. AOC also directly asks for comments from the public on her Twitter page, such as from a tweet on July 7, 2019: "What's your favorite US National Park to visit? (Any tips for visiting said park also welcome!)".

**DEFENDANT'S BLOCKING MR. HIKIND FROM @AOC ACCOUNT**

31. Plaintiff, a twitter user with the twitter handle @hikindDov, with over 21,000 followers.

32. Mr. Hikind, who is critical of Defendant on a regular basis, was blocked on July 8, 2019 by AOC from the @AOC account.

33. Mr. Hikind, a staunch supporter of Israel and founder of Americans Against Anti-Semitism, often posts comments and replies in relation to tweets and or news relating to AOC's positions.

34. Mr. Hikind is **not** the only one critical of Defendant whom AOC has blocked: Elizabeth Wheeler, an on-air personality and author; Harry Cherry, a Jewish journalist; Ryan Saavedra, a reporter for the Daily Wire; and the student origination "Students for Trump" have all been blocked as well.



35. Defendant's blocking of Mr. Hikind, and others like him, from the @AOC account prevents or impedes the viewing of Defendant's tweets; from replying to these tweets; from viewing the comment threads associated with these tweets; and from participating in the comment threads.

36. Mr. Hikind, a staunch supporter of Jewish values, against Anti-Semitism, and Israel, was blocked by AOC purely because of his speech in support of Jewish values and Israel.

37. As the Second Circuit Court of Appeals declared today "if the First Amendment means anything, it means that the best response to disfavored speech on matters of public concern is more speech, not less." *See Knight First Amendment Institute*, No. 18-1691-cv, slip op. at 29 (2d Cir. 2019) (decided July 9, 2019)

**CAUSE OF ACTION**
**Violation of the First Amendment of the U.S. Constitution**
**(Declaratory and Injunctive Relief)**

38. Plaintiff repeats the allegations set forth above as if fully set forth herein.

39. Defendant's blocking of the Plaintiff from the @AOC account violates the First Amendment because it imposes a viewpoint-based restriction on Mr. Hikind's participation in a public forum.

40. Defendant's blocking Plaintiff from the @AOC account violates the First Amendment because it imposes a viewpoint-based restriction on the Mr. Hikind's access to official statements AOC otherwise makes available to the general public.

41. Defendant's blocking of the Plaintiff from the @AOC account violates the First Amendment because it imposes a viewpoint-based restriction on the Plaintiff's ability to petition the government for redress of grievances.

42. Defendant's blocking of Plaintiff from the @AOC account violates the First Amendment because it imposes a viewpoint-based restriction on the right to hear views expressed.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff request that this Court:

A. Declare Defendant's viewpoint-based blocking of Plaintiff from the @AOC Twitter account to be unconstitutional;

B.  Enter an injunction requiring Defendant to unblock Plaintiff from the @AOC Twitter account, and prohibit Defendant from blocking the Plaintiff, and others similarly situated, from the account on the basis of viewpoint;

C.  Award Plaintiff costs, including reasonable attorney's fees, pursuant to 28 U.S.C. § 2412; and

D.  Grant any additional relief as may be just and proper.

Dated: July 9, 2019          Respectfully submitted,
       Queens, New York
                             **WEINSTEIN & WEINSTEIN, LLP**


                             *Jacob Z. Weinstein*
                             JACOB Z. WEINSTEIN (JW6133)
                             ISRAEL D. WEINSTEIN (IW6133)
                             68-15 MAIN STREET, SECOND FLOOR
                             FLUSHING, NEW YORK 11367
                             TEL: 646-450-3484
                             E-MAIL: JACOB@WEINSTEINLLP.COM