

| | |
|---|---|
| Jacob Z. Weinstein, Esq.<br>Direct: 646-450-3484<br>E-Mail: Jacob@WeinsteinLLP.com | Israel D. Weinstein, Esq.*<br>Direct: 212-810-2143<br>E-Mail: Israel@WeinsteinLLP.com<br>*Also Licensed In New Jersey* |

August 7, 2019

**<u>Via ECF</u>**
Senior Judge Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, NY 11201

       Re: *Hikind v. Acasio-Cortez*
           19-cv-3956 (FB) (CLP)

Your Honor:

  We represent the Plaintiff, Dov Hikind, in the above-mentioned action. Pursuant to Your Honor's Individual Rule (2) (A), we are requesting a pre-motion conference to file a Rule 12(c) Motion for Judgement on the Pleadings and Rule 12(f) Motion to Strike.

  Today, August 7, 2019, Defendant filed an Answer which obviates any issue of fact from this matter. Defendant admitted she is a public official who uses the @AOC account on Twitter for her public office; admitted that she blocked Plaintiff; and admitted that Plaintiff is unable to participate in discussion with Defendant because of Defendant's blocking. *See Dkt. No. 8* at ¶¶ 2, 3, 4, 8, 9, 27, 32, and 35.

  Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." A motion for judgment on the pleadings is governed by "the same standard" as a motion to dismiss under Rule 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam)); accord L-7 Designs, 647 F.3d at 429. The Court therefore accepts all of the non-movant's factual allegations as true and draws all reasonable inferences in the non-movant's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A grant of a motion pursuant to Rule 12(c) is proper `if, from the pleadings, the moving party is entitled to judgment as a matter of law.'" *Dargahi v. Honda Lease Trust*, 370 Fed. Appx. 172, 174 (2d Cir. 2010) (summary order) (quoting *Burns Int'l Sec. Servs., Inc. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995) (per curiam)).

  The Second Circuit has explicitly stated "that the First Amendment does not permit a public official who utilizes a social media account for all manner of official purposes to

68-15 Main Street - Second Floor - Flushing, NY 11367

*Hikind v. Acasio-Cortez*
19-cv-3956 (FB) (CLP)
*Plaintiff's Request for a Pre-Motion Conference*

exclude persons from an otherwise-open online dialogue because they expressed views with which the official disagrees." *Knight First Amendment Institute, et. al., v. Donald J. Trump, et. al.*, No. 18-1691-cv, slip op. at *4 (2d Cir. 2019) (decided July 9, 2019). Twitter is an interactive space which is a designated public forum. *Knight First Amendment Institute v. Trump*, 302 F. Supp. 3d 541, 574 (S.D.N.Y. 2018). The Second Circuit further concluded that the "various workarounds" to see blocked tweets does not allow for a side-step of the First Amendment. *See Knight First Amendment Institute*, No. 18-1691-cv, slip op. at *11 (2d Cir. 2019*)*.

      The Supreme Court of the United States has stated that "as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out" *Hartman v. Moore*, 547 U.S. 250,256 (2006). Plaintiff is clear critic of Defendant's political positions and has been blocked from Defendant's twitter account due to this criticism. As a matter of law, Plaintiff is entitled to prevail against Defendant for violating the First Amendment.

      Importantly, Defendant's claimed affirmative defenses all fail as a matter of law Defendant's own admissions evince Mr. Hikind's standing; process was properly and absolutely completed upon Congresswoman Ocasio-Cortez; and; the Complaint clearly articulates the facts in this matter which relief should be granted. The improper defenses brought by Defendant should be stricken under Rule 12(f).

      As such, Plaintiff respectfully requests a pre-motion conference relating to Plaintiff's filing of a Rule 12(c) Motion for Judgment on the Pleadings as well as a Rule 12(f) Motion to Strike.

Respectfully submitted,

*Jacob Z. Weinstein*
Jacob Z. Weinstein

CC: Defendant's Counsel (*via ECF*)