Daniel J. Ratner
Gwynne A. Wilcox⁴
Pamela Jeffrey
Carl J. Levine⁴
David Slutsky⁴
Allyson L. Belovin
Suzanne Hepner•
Robert H. Stroup
Dana E. Lossia⁴
Micah Wissinger•
Ryan J. Barbur
Alexander Rabb
Laureve D. Blackstone⁴

# LEVY RATNER, P.C.
Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, New York 10011-7175

Telephone (212) 627-8100
Telecopier (212) 627-8182
www.levyratner.com

Kimberly A. Lehmann⁴
Aleksandr L. Felstiner
Jessica I. Apter⁴
Rebekah Cook-Mack
Courtney L. Allen

*Of Counsel*
Irwin Bluestein
Patricia McConnell
Linda E. Rodd

*Special Counsel*
Richard A. Levy
Daniel Engelstein°
Richard Dorn



August 14, 2019

**Via ECF**
The Honorable Frederic Block
United States District Judge
United States District Court for the
  Eastern District of New York
225 Cadman Plaza E.
Brooklyn, NY 11201

Re: *Hikind v. Ocasio-Cortez* / Case No. 19-cv-03956-FB-CLP

Dear Judge Block:

We represent Defendant U.S. Rep. Alexandria Ocasio-Cortez (D-NY), in her personal capacity and as a candidate for public office. We write in response to Plaintiff's August 7, 2019 Letter Brief requesting a pre-motion conference for a motion for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c) (ECF No. 9). As discussed below, Plaintiff cannot prevail on a motion under Rule 12(c) and that request should be denied. However, because we agree that discovery will not be necessary in this case, we respectfully request a pre-motion conference to discuss and set a schedule for cross-motions for summary judgment.

In this lawsuit Plaintiff alleges that Ms. Ocasio-Cortez, in her personal capacity, violated his First Amendment rights by blocking him from her personal Twitter account, @ AOC. Plaintiff's Letter Brief completely misrepresents both the law and the contents of the pleadings that have been filed in this case.

Plaintiff relies entirely on the Second Circuit's recent decision in *Knight First Amendment Institute at Columbia University v. Trump*. 928 F.3d 226 (2d Cir. 2019). In that case, the Court found that President Trump's Twitter account, @realDonaldTrump, is a public forum because it is used by the President in his official capacity. The Court concluded that "[o]nce it is established that the President is a government actor with respect to his use of the Account, viewpoint discrimination violates the First Amendment." 928 F.3d at 236.

Contrary to Plaintiff's assertion, the Court *did not* conclude that any Twitter account operated by a public official is automatically a public forum. Rather, the Court held that:

> Of course, *not every social media account operated by a public official is a government account*. Whether First Amendment concerns are triggered when a public official uses

August 14, 2019
Page 2

his account in ways that differ from those presented on this appeal *will in most instances be a fact-specific inquiry.*

*Id.* (emphasis added).

In finding that the @realDonaldTrump is a government Twitter account used by the President in his official capacity, the Court relied on several key facts:

- The President and White House staff themselves characterized the account as official. The White House social media director described it "as a channel through which 'President Donald J. Trump… [c]ommunicates directly with you the American people!'" *Id.* at 235. Similarly, the White House Press Secretary stated that the tweets on this account "should be considered 'official statements by the President of the United States.'" *Id.* at 231.

- The account was operated with the assistance of the White House Director of Social Media, a U.S. government employee. *Id.* at 232.

- The National Archives and Records Administration concluded that the President's tweets from this account are "'official records that must be preserved under the Presidential Records Act.'" *Id.* at 235.

- The account at issue is "one of the White House's main vehicles for conducting official business," having been used to announce nominations for Cabinet and other senior positions, major official policies such as a new ban on service by transgender individuals in the military state visits by foreign leaders, and foreign policy initiatives.. *Id* at 231-32.

Based on these facts, the Court concluded that there is "substantial and pervasive government involvement with, and control over, the Account," and that the President "consistently used the Account as an important tool of governance and executive outreach." *Id.* 235. Because the President effectively conceded that he blocked the plaintiffs from the account based on the viewpoints they expressed (*Id.* at 232), the Court found such blocking violated the First Amendment.

The facts in this care are significantly distinct from those in *Knight*. The Complaint itself concedes that Ms. Ocasio-Cortez maintains an official Twitter account (@repAOC) that is completely separate from her personal @AOC account. Complaint ECF No. 1 ("Cmplt.") ¶10. In in her Answer, Ms. Ocasio-Cortez expressly *denies* that she uses the @AOC account for her public office or for official purposes. Specifically, she *denies* that:

(i)   "AOC uses Twitter as an important public forum for speech" (Cmplt. & Answer, ¶4);
(ii)  "AOC uses Twitter to make formal announcements" (Cmplt. & Answer ¶9);

  (iii) Her "@AOC handle on Twitter is her primary public forum on that platform" (Cmplt. & Answer ¶10)

  (iv) "AOC regularly posts political message of /// a public nature" (Cmplt. & Answer ¶29); or that

  (v) Each tweet sent between July 8, 2019 and July 9, 2019 (when Plaintiff was blocked) "involves a public interest and matters of official capacity." (Cmplt. & Answer ¶29).

Ms. Ocasio-Cortez also denies that Plaintiff was blocked because of the content of his speech (Cmplt. & Answer ¶36), and that the blocking prevents Plaintiff from viewing comment threads associated with her tweets or from participating in those comment threads (Cmplt. & Answer ¶35).

In sum, contrary to Plaintiff's assertion, Ms. Ocasio-Cortez does *not* admit that she "is a public official who uses the @AOC account for her public office." (Plaintiff's Letter Brief at 1). Rather, she denies each and every factual allegation that would support such a finding.

In these circumstances, Plaintiff cannot possibly prevail on a motion for judgment on the pleadings. "Judgment on the pleadings is appropriate only where all material facts are undisputed and 'a judgment on the merits is possible merely by considering the contents of the pleadings.'" *Muchmore's Café, LLC v. City of New York*, No. 14-cv-5668-RRM-RER, 2016 WL 11469539 at *4 (E.D.N.Y., Sept. 29, 2016) (quoting *Mennella v. Office of Court Admin.*, 938 F. Supp. 128, 131 (E.D.N.Y. 1996), aff'd, 164 F.3d 618 (2d Cir. 1998)). A "'plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery.'" *Riverkeeper, Inc. v. Wheeler*, 373 F.Supp.3d 443, 448 (S.D.N.Y. 2019) (quoting 5C Charles Alan Wight et al. Fed. Prac. & Procedure §1368 at 251 (3d ed. 2004)). Clearly that is the situation here: Ms. Ocasio-Cortez's denials, if proved, would defeat Defendant's claims and prevent any recovery.

We do agree with Plaintiff, however, that discovery will not be necessary in this case. There are factual matters outside the pleadings that are not capable of being genuinely disputed, but are material to the issues in the case—in particular, the contents of the tweets posted on the account at issue, how the account is characterized by Ms. Ocasio-Cortez and others, and the facts relating to management of the account. These facts will establish that Ms. Ocasio-Cortez is entitled to judgment as a matter of law.

For that reason, we respectfully suggest that a pre-motion conference be held, but that the conference be set for the purpose of discussing and setting a schedule for filing cross-motions for summary judgment.

               Respectfully submitted,

               */s/ Allyson L. Belovin*
               Allyson L. Belovin
               Robert H. Stroup