

**JAMEEL JAFFER**
Executive Director

jameel.jaffer@knightcolumbia.org

475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500

August 28, 2019

The Honorable Alexandria Ocasio-Cortez
United States House of Representatives
229 Cannon House Office Building
Washington, DC 20515
(202) 225-3965

Dear Representative Ocasio-Cortez,

    We understand from news reports that you may be blocking some Twitter users from your @AOC account because of the views they have expressed. This practice is unconstitutional, and we are writing in the hope of dissuading you from engaging in it.

    Based on the facts as we understand them, the @AOC account is a "public forum" within the meaning of the First Amendment. You use the account as an extension of your office—to share information about congressional hearings, to explain policy proposals, to advocate legislation, and to solicit public comment about issues relating to government.[1] Recently, for example, you used the account to discuss new "policy approaches we should consider wrt immigration,"[2] and to ask the public, "[w]hat commissions would you want to see Congress establish?"[3] The account is a digital forum in which you share your thoughts and decisions as a member of Congress, and in which members of the public directly engage with you and with one another about matters of public policy. Since you first took office, the number of users following the @AOC account has reached more than 5.2 million. Many of your tweets staking

---

    [1] *See, e.g.*, Alexandria Ocasio-Cortez (@AOC), Twitter (July 9, 2019, 9:39 AM), https://perma.cc/U75X-DRE7?type=image (discussing your introduction of a resolution in the House of Representatives); Alexandria Ocasio-Cortez (@AOC), Twitter (June 20, 2019, 2:04 PM), https://perma.cc/6WQY-LMH3 (describing "powerful testimony" at a hearing and declaring that you were "[p]roud to pass this amendment w/ bipartisan support").

    [2] Alexandria Ocasio-Cortez (@AOC), Twitter (July 3, 2019, 1:07 PM), https://perma.cc/V4MP-EMXJ.

    [3] Alexandria Ocasio-Cortez (@AOC), Twitter (July 21, 2019, 9:29 AM), https://perma.cc/97XT-Z8J9.

out positions on issues such as immigration, the environment, and impeachment have made headline news. The @AOC account is important to you as a legislator, to your constituents, and to others who seek to understand and influence your legislative decisions and priorities.

Multiple courts have held that public officials' social media accounts constitute public forums when they are used in the way that you use the @AOC account, and they have made clear that public officials violate the First Amendment when they block users from these forums on the basis of viewpoint. Most relevant here, the U.S. Court of Appeals for the Second Circuit recently concluded that President Trump violated the First Amendment by blocking users from his Twitter account, @realDonaldTrump, because "he disagree[d] with their speech."[4] In another recent case, the Fourth Circuit held that the chairperson of a local county board violated the First Amendment by blocking an individual from her Facebook page.[5]

In pending litigation, your attorneys have argued that the @AOC account is not subject to the First Amendment because it is a personal account.[6] As we have explained above, that characterization is incorrect. Further, while we understand that you have another account that is nominally your "official" one, the fact remains that you use the @AOC account as an extension of your office. Notably, the Second Circuit rejected President Trump's argument that his account is a personal one even though he has other accounts—@POTUS and @WhiteHouse—that are nominally official. The Court wrote, "the First Amendment does not permit a public official who utilizes a social media account for all manner of official purposes to exclude persons from an otherwise-open online dialogue because they expressed views with which the official disagrees."[7]

We urge you to unblock any Twitter users whom you or your staff have blocked from the @AOC account because of the viewpoints they have expressed. We recognize that you may wish to block users for reasons that are both reasonable and constitutionally legitimate—for example, because their speech is threatening. We also recognize that abuse and harassment are significant problems on social media, especially for women and minorities, and that this abuse and harassment can deter speech and political participation that are crucial to our democracy. We would welcome the chance to work with you to develop a social media policy that both complies with the First Amendment and helps you address threats, abuse, and harassment.

---

[4] *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 230 (2d Cir. 2019).

[5] *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019).

[6] *See* Letter from Allyson L. Bellovin & Robert H. Stroup to the Honorable Frederic Block, *Hikind v. Ocasio-Cortez*, No. 1:19-cv-3956-FB-CLP (E.D.N.Y. filed July 9, 2019), ECF No. 11.

[7] *Knight Inst.*, 928 F.3d at 230.

Thank you for your attention to this letter. We look forward to your response.

Respectfully,

*[signature]*

Jameel Jaffer
Katie Fallow
Alex Abdo
Carrie DeCell
Jake Karr

cc: Allyson L. Belovin
Levy Ratner, P.C.
80 Eighth Avenue, 8th Floor
New York, NY 10011
(212) 627-8100
abelovin@levyratner.com

Robert H. Stroup
Levy Ratner, P.C.
80 Eighth Avenue, 8th Floor
New York, NY 10011
(212) 627-8100
rstroup@levyratner.com

Joseph Eric Sandler
Sandler Reiff Lamb Rosenstein & Birkenstock, P.C.
1090 Vermont Ave., N.W., Suite 750
Washington, DC 20005
(202) 479-1111
sandler@sandlerreiff.com