Daniel J. Ratner
Gwynne A. Wilcox△
Pamela Jeffrey
Carl J. Levine△
David Slutsky△
Allyson L. Belovin
Suzanne Hepner•
Robert H. Stroup
Dana E. Lossia△
Micah Wissinger•
Ryan J. Barbur
Alexander Rabb
Laureve D. Blackstone△

# LEVY RATNER, P.C.
Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, New York  10011-7175

Telephone (212) 627-8100
Telecopier (212) 627-8182

www.levyratner.com

Kimberly A. Lehmann△
Aleksandr L. Felstiner
Jessica I. Apter△
Rebekah Cook-Mack
Courtney L. Allen

*Of Counsel*
Irwin Bluestein
Patricia McConnell
Linda E. Rodd

*Special Counsel*
Richard A. Levy
Daniel Engelstein°
Richard Dorn

September 13, 2019

**BY ELECTRONIC MAIL**

The Honorable Frederic Block
United States District Judge
United States District Court for the
   Eastern District of New York
225 Cadman Plaza E.
Brooklyn, NY 11201

   Re: *Hikind v. Ocasio-Cortez*
      Case No. 19-cv-03956-FB-CLP

Dear Judge Block:

  The parties in the above-captioned case write jointly in opposition to the Motion to Intervene filed by Towaki Komatsu, *pro se*, on September 6, 2019 (ECF Doc. 16).

  In this case, Plaintiff claims that Defendant, Alexandria Ocasio-Cortez, violated his rights under the First Amendment when she blocked him from her Twitter account.  Mr. Komatsu seeks to intervene in this litigation on the basis of his claim that individuals unconnected to Ms. Ocasio-Cortez – specifically New York City Mayor Bill DeBlasio, certain members of the Mayor's staff and administration, certain New York City Councilmembers, and certain officers of the New York City Police Department –blocked him from other, unspecified Twitter accounts and barred him from other public forums.  Mr. Komatsu makes absolutely no claim that Ms. Ocasio-Cortez blocked him from her Twitter account or from any public forum whatsoever, nor does he allege that Ms. Ocasio-Cortez had any involvement in the alleged actions of the New York City officials and personnel mentioned in the Motion to Intervene.

  Rule 24 of the Federal Rules of Civil Procedure requires intervention when an individual "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  FRCP Rule 24(a)(2).  Additionally Rule 24 permits intervention where an individual "has a claim or defense that shares with the main action a common question of law or fact."  FRCP Rule 24

1277-000-00001: Document in ProLaw

°Admitted in NY, MA and DC  △Admitted in NY and NJ  •Admitted in NY and CT  •Admitted in NY and DC

**LEVY RATNER, P.C**

The Honorable Frederic Block
United States District Judge
September 13, 2019
Page 2

(b)(1)(B). Mr. Komatsu is not entitled to intervene in this action, either as of right or by permission.

      The transaction that is the subject of this action is Ms. Ocasio-Cortez's blocking of Plaintiff from her @AOC Twitter Account. Mr. Komatsu has no interest in that particular transaction. Rather, the transactions in which he has a purported interest involve actions taken by Mayor DeBlasio and other NYC officials/personnel to bar him from an unspecified Twitter account and/or other public forums. Those transactions are entirely unrelated. Moreover, the disposition of this action would not impair or impede Mr. Komatsu's ability to protect his interests. The outcome of this litigation – which will turn on the specific facts surrounding Ms. Ocasio-Cortez's @AOC Twitter account – will in no way prevent Mr. Komatsu from filing and pursuing claims of his own against Mayor DeBlasio or other individuals regarding the harms he allegedly suffered because he was barred from other, unrelated Twitter accounts and/or public forums. Any such litigation would turn on the specific facts surrounding those accounts and those public forums, as well the circumstances under which Mr. Komatsu was barred from them – none of which will be determined in this action. Accordingly, Mr. Komatsu does not meet the standard for intervention as of right under FRCP 24(a).

      Nor does he meet the standard for permissive intervention under FRCP 24(b). The claims Mr. Komatsu asserts do not share a common question of law or fact with this action. The main issues in this case are whether the @AOC Twitter account is a public forum and whether Ms. Ocasio-Cortez engaged in state action when she blocked Plaintiff from that account. The questions of fact relate entirely to the nature of the @AOC Twitter account and Ms. Ocasio-Cortez's use of it. At no point in Mr. Komatsu's lengthy and detailed Motion to Intervene, does he assert that his claims involve those particular questions or law or fact.

      In short, Mr. Komatsu seeks to intervene in this action because he has also been blocked from someone's Twitter account. That alone is insufficient to meet the standards set forth in FRCP 24(a) or (b) and, accordingly, his motion should be denied.

Very truly yours,

*Allyson L. Belovin*
Allyson L. Belovin
Levy Ratner, P.C.
Attorneys for Defendant

*Jacob Z. Weinstein*
Jacob Z. Weinstein
Weinstein & Weinstein LLP
Attorneys for Plaintiff

1277-000-00001: Document in ProLaw