

ORIGINAL

RECEIVED
SEP 30 2019
PRO SE OFFICE

Towaki Komatsu
802 Fairmount Pl. Apt. 4B
Bronx, NY 10460
Tel: 718-450-6951
E-mail: Towaki_Komatsu@yahoo.com

September 30, 2019

Hon. Frederic Block
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Hikind v. Ocasio-Cortez,</u>
             No. 19-cv-3956 (FB)(CLP) (E.D.N.Y.)

Dear Judge Block,

My name is Towaki Komatsu. 24 days ago, I filed a timely letter in this action that was addressed to Magistrate Judge Cheryl Pollack pursuant to FRCP Rule 24 to request to be granted the ability to intervene in it against the defendant. However, I have not received a response from this Court as to whether my application has been granted or denied. What follows is a quote that corresponds to one of the terms that exist within Canon 3 that appears within a report that was last revised on 3/12/19, is entitled "Code of Conduct for United States Judges", and is available from the web site of the United States Courts at the following Internet address:

    https://www.uscourts.gov/sites/default/files/code_of_conduct_for_united_states_judges_effective_march_12_2019.pdf

**Quote:**

    "A judge should dispose promptly of the business of the court."

The following is another quote from that report:

    "The Canons are rules of reason. They should be applied consistently with constitutional requirements, statutes, other court rules and decisional law, and in the context of all relevant

circumstances."

It appears perfectly clear that this Court has not complied with its legal duty to promptly dispose of its business in regards to the motion to intervene that I filed in this action 24 days ago.

Additionally, an entry appears on the docket for this action that corresponds to docket number 18 and the date of 9/16/19. According to that docket entry, an affidavit was filed in this action by the defendant's attorney in which she alleged that she caused a letter to have been mailed to me by that date. I have substantial reason to believe that the affidavit that was filed in this action by her contained materially false claims about the date of that mailing in violation of FRCP Rule 11 that warrants the issuance of sanctions by this Court against that attorney. It was not until 9/25/19 that I received the letter dated 9/13/19 in the mail that defendant's attorney claimed to this Court had been mailed by 9/16/19. On the same date that I received that letter in the mail, I received two other letters in the mail that were delivered to that same address by regular mail delivery by the United States Postal Service. Those two other pieces of mail that were then delivered to me were sent to me on 9/19/19 and 9/20/19. Also, one of those two pieces of mail was sent to me from a location in Brooklyn. The office address for defendant's attorney is located in Manhattan. This significance of this point is quite obvious. It logically stands to reason that if defendant's attorney in this action was truthful instead of deceitful to this Court about having caused a letter to have been mailed to me by 9/16/19, then that letter would have been delivered to me before the other two pieces of mail that I received on 9/25/19 from the U.S. Postal Service, especially since one of those pieces of mail was likely mailed from a location that was further away from where I reside than the office located in Manhattan of defendant's attorney. It is also worthwhile to point out that the U.S. Postal Service electronically scans the front of all letters that are given to it for delivery. Due to that, a date and time is recorded when

such scans occur. The following are pertinent questions that this Court should promptly ask defendant's attorney in light of these pertinent facts:

- Would she like me to ask the U.S. Postal Service to check its records independently to provide me the date and time when it electronically scanned the front of the envelope that contained the letter that she caused to be mailed to me to allow this Court to reasonably conclude that she lied to this Court?

- Would she like me to ask the U.S. Postal Service to conduct an investigation to determine whether the postal imprint shown on the front of the envelope that contained the letter that she caused to be mailed to me was illegally backdated in violation of applicable law?

In the event that this Court decides not to grant the letter motion that I filed in this action to enable me to intervene in it pursuant to FRCP Rule 24, I request that this Court alternatively allow me to appear as an amicus curiae in this action. The following is a pertinent excerpt from *CITIZENS AGAIST CAS. GAM., ERIE CTY. v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007) that clearly articulates the legal standards that correspond to determinations made by district courts located in the Second Circuit as to whether to grant or deny applications to appear as an amicus curiae:

> "A district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case. *United States v. Ahmed*, 788 F.Supp. 196, 198 n. 1 (S.D.N.Y.1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992). "'The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *Onondaga Indian Nation v. State of New York*, 97-CV-445, 1997 U.S. Dist. LEXIS 9168 at *7 (N.D.N.Y. June 25, 1997) (quoting *United States v. El-Gabrowny*, 844 F.Supp. 955, 957 n. 1 (S.D.N.Y.1994)). Judge Posner concisely described the circumstances under which an *amicus* brief is desirable in *Ryan v. Commodity Futures Trading Comm'n*:
>
> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be

affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

125 F.3d 1062, 1063 (7th Cir.1997) (citations omitted).

*Amicus* participation goes beyond its proper role if the submission is used to present wholly new issues not raised by the parties. *Onondaga Indian Nation*, 1997 U.S. Dist. LEXIS 9168 at *8-9 (quoting *Concerned Area Residents for the Env't v. Southview Farm*, 834 F.Supp. 1410, 1413 (W.D.N.Y.1993)); *Wiggins Bros., Inc. v. Department of Energy*, 667 F.2d 77, 83 (Em.App.1981) (absent exceptional circumstances, *amicus curiae* cannot implicate issues not presented by the parties). Furthermore, "an *amicus curiae* is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1068 (N.D.Cal. 2005) (citing *United States v. Michigan*, 940 F.2d 143, 163-4 (6th Cir.1991))."

What follows is a key quote that is attributable to United States District Judge Richard Berman and is from a news article that is entitled "'Robbed of Our Day in Court': Accusers Rip 'Coward' Jeffrey Epstein in Court Hearing Tuesday" and was written by a journalist named Kevin McCoy. USA Today published that news article on 8/27/19 in relation to a court hearing that was conducted by Judge Berman on that date in Manhattan in relation to Jeffrey Epstein:

**Quote Attributable to Judge Berman:**

""A few may differ on this, but public hearings are exactly what judges do. Hearings promote transparency and they provide the court with insights and information which the court may not otherwise be aware of," said the judge."

The news article that I just discussed is available on the Internet at the following address:

https://www.usatoday.com/story/news/2019/08/27/jeffrey-epstein-accusers-in-manhattan-courtroon/2123607001/

On a related note, this action clearly is about political speech. The following is a pertinent excerpt from *Skelos v. Paterson*, 25 Misc. 3d 347, 884 N.Y.S.2d 812 (Sup. Ct. 2009) that incorporates a U.S. Supreme Court decision to confirm that First Amendment rights are

irreparably harmed by being deprived of opportunities to engage in political speech even for minimal periods of time:

> "Because the timing of political speech is so important, it is irreparable harm to be deprived of freedom of political speech for even a minimal period of time (*Elrod v Burns*, 427 US 347 [1976])."

That same conclusion was reached in *Kessler v. City of Charlottesville*, Civil Action No. 3: 17CV00056 (W.D. Va. Aug. 11, 2017) that was case in which the ACLU defended the First Amendment rights of a racist. The following is a pertinent excerpt from that case that also incorporated *Elrod v Burns* for the same purpose:

> ""As to irreparable injury, it is well established that `[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'")
> (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976) (plurality opinion))."

It is entirely evident that I seek to have this Court to grant me a public hearing in *Hikind v. Ocasio-Cortez* in accordance with FRCP Rule 24, *CITIZENS AGAIST CAS. GAM., ERIE CTY. v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007), Judge Berman's remark that I presented above, and my First Amendment and Fourteenth Amendment due process rights to engage in political speech in this action largely for the following valid purposes:

- To provide this Court relevant insights that aren't available from the parties and their attorneys.
- To establish that I have an interest in another case that may be affected by the decision in this action (though that interest may not be sufficient to entitle me to intervene and become a party in this action)
- To establish that I have unique information and perspectives that can help this Court beyond the help that the lawyers for the parties are able to provide.
- To assert genuine interests that I have that relate to the transactions that are the subject of

this action.

- To establish that I am so situated that without intervention, disposition of this action may, as a practical matter, impair or impede my ability to protect my interests. This is due mainly because any decision that this Court issues in this action may be relied upon as a precedent by other judges in other cases.
- To establish that my interests are not adequately represented by other parties.
- To establish that I have claims that share common questions of law and fact with this action.

In the event that this Court grants me the ability to intervene in this action pursuant to FRCP Rule 24 or appear in it as an amicus curiae, it cannot be credibly claimed that this Court's decision to do so will delay or prejudice the adjudication of the rights of this action's parties.

Briefly returning to my earlier discussion about the fact that I haven't received a response from this Court about the letter motion to intervene that I filed in this action 24 days ago, the following is a pertinent excerpt from the landmark U.S. Supreme Court decision of _Goldberg v. Kelly_, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970) that addressed fundamental due process rights:

- "The opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard."

- "The fundamental requisite of due process of law is the opportunity to be heard." _Grannis v. Ordean_, 234 U.S. 385, 394 (1914). The hearing must be "at a meaningful time and in a meaningful manner." _Armstrong v. Manzo_, 380 U.S. 545, 552 (1965).

According to _Goldberg v. Kelly_, this Court has not acted in accordance with my constitutional due process rights with respect to the motion to intervene that I filed in this action 24 days ago.

As I conclude this letter, this Court should be mindful about what was and wasn't discussed during a public hearing that a subcommittee of the U.S. House of Representatives' Judiciary Committee conducted on 9/26/19 about the federal courts in America. The video recording that was recorded of that hearing is available on the Internet at the following address:

https://www.youtube.com/watch?time_continue=5&v=XcnuNtkv6gk

Additional information about that hearing that includes the names of those who testified during it is available on the Internet at the following address:

https://judiciary.house.gov/legislation/hearings/federal-judiciary-21st-century-ensuring-public-s-right-access-courts

The video recording of that public hearing confirms that no ordinary member of the general public testified during that hearing and there is no information that indicates that such ordinary members of the public were invited or otherwise granted an opportunity to testify in that hearing in spite of the fact that a large number of pro se litigants commence litigation in federal courts in the U.S. That video recording also confirms that though discussions were held during that hearing that concerned **a)** having the public granted access to legal proceedings in federal courts, **b)** having cameras in the courtrooms of federal courts, **c)** having audio recordings recorded of legal proceedings in federal courts, and **d)** sealed legal filings, no discussion about public participation in legal proceedings in federal courts as an intervenor or amicus curiae about matters that befit the public's interest occurred during that hearing. In short, the fact that those who arranged and otherwise conducted that hearing didn't have the presence of mind to have a discussion about that last issue during that hearing shouldn't lead this Court to believe that such public participation is not important because the opposite is true instead. As Donald Trump and

Bill de Blasio have confirmed, when the public is complacent about critical matters by not voting and otherwise having their opinions heard, the following occurs:

- Truly awful people get elected and quite possibly by stealing elections.
- Too much money is put and otherwise kept in the wrong hands partly as a result of grandstanding politicians badly neglecting their day job in politics while conducting publicity stunts across the country for months by entering political races in which hindsight confirms they had no realistic opportunity to reach even 2% in voter polls.
- Government officials implement terrible policies at the public's expense.

In the event that this Court needs clarification about anything that I have discussed in this letter, I respectfully request a conference with this Court for that purpose.

Thank you for your time and consideration.

Regards,

Towaki Komatsu