Towaki Komatsu
802 Fairmount Pl. Apt. 4B
Bronx, NY 10460
Tel: 718-450-6951
E-mail: Towaki_Komatsu@yahoo.com



October 1, 2019

Hon. Frederic Block
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201



    Re:    Hikind v. Ocasio-Cortez,
             No. 19-cv-3956 (FB)(CLP) (E.D.N.Y.)

Dear Judge Block,

After filing a letter again yesterday in the action referenced above in the Pro Se office located inside of the United States District Court for the Eastern District of New York, I realized that a male federal court security officer whose last name is Huvane was in that that office with me and illegally subjecting me to selective-enforcement that corresponds to the class-of-one legal theory in regards to the Fourteenth Amendment of the U.S. Constitution.

Through this letter, I urge you to immediately to act in accordance with <u>US v. Smith, 426 F.3d 567 (2d Cir. 2005)</u> and <u>Marom v. City of New York, No. 15-cv-2017 (PKC) (S.D.N.Y. Mar. 7, 2016)</u> by imposing strict discipline upon the U.S. Marshals Service and the federal court security officers that work inside of that courthouse that will cause me to no longer be subject to selective-enforcement nor any other acts by them that violate my constitutional rights and other applicable laws that include 41 C.F.R. §102-74.390 and 18 U.S.C. §1513 while I am inside of that courthouse and am conducting myself in a lawful manner.

The following pertinent excerpt from *US v. Smith*, 426 F.3d 567 (2d Cir. 2005) confirms that judges ultimately control all aspects of how court personnel that include security personnel operate in courthouses:

> **"III. Control of Court Access**
>
> Although we conclude that Smith's constitutional rights were not violated by the imposition of a photo identification requirement, 576*576 we note our concerns about unilateral steps — even commonsensical and fully justified ones — by the executive branch that restrict court access. Going forward, we emphasize that any such steps must be coordinated with, and approved by the courts. While the Marshals Service and Secretary of DHS are charged by Congress with protecting the federal courts, *see* 28 U.S.C. § 566; 40 U.S.C. § 1315, the Supreme Court has made clear that "courtroom and courthouse premises are subject to the control of the court." *Sheppard v. Maxwell*, 384 U.S. 333, 358, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *see also Westmoreland v. CBS, Inc.*, 752 F.2d 16, 24 n. 13 (2d Cir.1984)("the judiciary ... has always had control over the courtrooms"); *Brewster v. Bordenkircher*, 745 F.2d 913, 916 (4th Cir.1984) ("It is [the district judge] who is best equipped to decide the extent to which security measures should be adopted to prevent disruption of the trial, harm to those in the courtroom, escape of the accused, and the prevention of other crimes.").
>
> Control by the courts is essential, because the judiciary is uniquely attuned to the delicate balance between defendants' Sixth Amendment rights to public trial, the public and press's First Amendment rights to courtroom access, and the overarching security considerations that are unique to the federal facilities containing courtrooms. Because of these factors, special concerns arise when security measures that seem obvious or commonplace in some settings are transferred to the door of such facilities. The judiciary is uniquely competent to strike the proper balance. It is especially important that the judiciary maintain control of security measures that may affect those having business before the courts, because of the danger that litigants could be excluded from the courtroom and procedurally penalized for their absence through no fault of their own and without the knowledge of the court. For these reasons, we expect the Marshals Service to consult with the courts before implementing general security measures that significantly affect court access. Such restrictions should then be approved by the judiciary through, for example, their relevant court security committees."

The following is a pertinent excerpt from *Marom v. City of New York*, No. 15-cv-2017 (PKC) (S.D.N.Y. Mar. 7, 2016) that concerns failures by law-enforcement officials to intervene to protect constitutional rights from being infringed:

> "All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their

presence." Anderson, 17 F.3d at 557. "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, [] (2) that a citizen has been unjustifiably arrested [] or (3) that any constitutional violation has been committed by a law enforcement official []." Id. However, "[i]n order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring."

Although the following excerpt from Cohen v. California, 403 U.S. 15, 91 S. Ct. 1780, 29 L. Ed. 2d 284 (1971) is presented here in an out-of-context manner with respect to how it was used in that case, that finding still applies to privacy rights in courthouses:

> "It may be that one has a more substantial claim to a recognizable privacy interest when walking through a courthouse corridor than, for example, strolling through Central Park"

Attached to this letter are printouts of two e-mail messages that I sent yesterday to a) the division within the U.S. Marshals Service that handles Freedom of Information Act ("FOIA") requests and b) the Internal Affairs division of the U.S. Marshals Service. I sent those e-mails to a) report illegal acts that were committed yesterday against me inside of the United States District Court for the Eastern District of New York in Brooklyn by two male federal court security officers whose last names are Huvane and Gillespie who were following illegal orders that were issued by the U.S. Marshals Service and b) order the U.S. Marshals Service to immediately provide me video recordings that were recorded yesterday by video security cameras that it controls in that courthouse of my presence in that courthouse that can substantiate my claims against the federal court security officers and U.S. Marshals Service. The illegal acts that were committed against me yesterday in that courthouse were patently obvious stalking, selective-enforcement, and harassment in flagrant violation of my Fourteenth Amendment rights under the color of law that didn't grant me any due process whatsoever to contest the validity of those illegal acts before they were imposed upon me in that courthouse. I have never conducted myself in an unlawful, harassing, disorderly, or threatening manner while

I have been inside of that courthouse. The U.S. Marshals Service has a track record of illegally concealing and destroying video recording evidence that is recorded by video security cameras that it controls that are installed in federal courthouses located in New York City in response to lawful and timely orders that I have issued to it to provide me those video recordings largely to substantiate valid claims against federal court security personnel. In doing so, the U.S. Marshals Service has flagrantly violated 18 U.S.C. §1512, 18 U.S.C. §1519, and my rights pursuant to the First Amendment, Fifth Amendment, Freedom of Information Act, and 5 U.S.C. §552(a).

Thank you for your time and consideration.

Regards,

Towaki Komatsu

From: Towaki Komatsu <towaki_komatsu@yahoo.com>
Subject: Re: Complaint against federal court security officers today inside of the United States District Court for the Eastern District of New York
Date: September 30, 2019 at 6:12:30 PM EDT
To: internal.affairs@usdoj.gov

Internal Affairs team,

I'm sending you this message to file a new complaint with your team against federal court security officers whose last names are Humane and Gillespie that illegally stalked me between 2:10 pm and 2:45 pm today in violation of 18 U.S.C. §1513(e), 18 U.S.C. §245(b)(5), 41 C.F.R. §102-74.390, and my 14th Amendment rights that pertain to selective-enforcement while I was inside of the United States District Court for the Eastern District of New York.

Mr. Huvane is a Caucausian male and bald. Mr. Gillespie is a Black male who is roughly 6 feet and 4 inches in height. He told me today that he was then Mr. Huvane's supervisor and that he directed Mr. Huvane to follow me in that courthouse. While doing so, Mr. Gillespie indicated that he received an order from the U.S. Marshals Service to have that happen. In stark contrast to Mr. Huvane, Mr. Gillespie, and members of the U.S. Marshals Service I conducted myself in an entirely lawful manner throughout the entire time that I was inside of federal courthouses today in Brooklyn and Manhattan.

I first became aware that Mr. Huvane was stalking me today inside of the United States District Court for the Eastern District of New York after I finished conducting legal research inside of the pro se office in that courthouse. When I turned to leave that office, I spotted him loitering in that office. It was patently obvious then from pertinent circumstances that he was stalking me and violating my privacy rights while illegally subjecting me to selective-enforcement in furtherance of maintaining an illegal vendetta that the U.S. Marshals Service continues to illegally have in place against me in retaliation for valid complaints that I have filed against the U.S. Marshals Service and federal court security officers.

When I lawfully confronted Mr. Huvane about stalking me and violating my privacy rights in that courthouse today while also illegally subjecting me to selective-enforcement by clearly ordering him to tell me why he was doing so, he made it clear to me that he received an order to do so and fraudulently claimed that I don't have privacy rights while I am inside of federal courthouses.

When I then talked to Mr. Gillespie about those illegal practices against me while clearly telling him that the U.S. Marshals Service was issuing illegal orders for that practice to be applied against me, he told me that I could file a complaint with the U.S. Marshals Service about it and made it clear that he would continue to have that illegal practice used against me in that courthouse.

Furthermore, as I was about to enter a men's restroom in that courthouse, Mr. Huvane and Mr. Gillespie were standing near me. Mr. Huvane made a remark to Mr. Gillespie in which he originally expressed an intent to follow me in that restroom before he expressed that he changed

his mind about that. Such conduct of following me into restrooms is flagrant harassment against me by federal court security officers.

Prior to exiting that courthouse today, I clearly and lawfully pointed out to both Mr. Gillespie and Mr. Huvane that they have a 14th Amendment legal affirmative duty to intervene on my behalf in response to practices that are being carried out against me in that courthouse that infringe on my constitutional rights. However, they ignored that point and violated applicable law by carrying out the unlawful order that the U.S. Marshals Service directed them to carry-out against me.

From,

Towaki Komatsu

**From:** Towaki Komatsu <towaki_komatsu@yahoo.com>
**Subject:** Re: New Freedom of Information Act demand for video
**Date:** September 30, 2019 at 5:49:26 PM EDT
**To:** USMS FOIA <USMS.FOIA@usdoj.gov>
**Cc:** internal.affairs@usdoj.gov

My name is Towaki Komatsu.

I am ordering the United States Marshals Service in accordance with the Freedom of Information Act ("FOIA"), my First Amendment rights, Fifth Amendment rights, and 5 U.S.C. 552(a) to promptly provide me all video recordings that were recorded today of me between 2:10 pm and 2:45 pm by video security cameras controlled by the U.S. Marshals Service inside of the United States District Court for the Eastern District of New York that is located at the following address:

225 Cadman Plaza E
Brooklyn, NY 11201

While I was in that courthouse today during that time, I spent time in the pro se office on its first floor and used a men's restroom located just past the area where visitors undergo security checks upon entering that courthouse.

The video recordings that must be provided to me that were recorded today in that courthouse must include the video recordings that were recorded by those security cameras of the interactions that I had male federal court security officers whose last names are Huvane and Gillespie. Mr. Huvane is Caucasian and bald. Mr. Gillespie is Black and roughly 6 feet and 4 inches in height. Also, Mr. Gillespie told me today in that courthouse that he was Mr. Huvane's supervisor. The video recordings that must be provided to me that I described above must also include the video recordings that were recorded by those security cameras of Mr. Huvane and Mr. Gillespie following me in that courthouse and being in the pro se office in that courthouse while I was in that office.

My mailing address is:

Towaki Komatsu
802 Fairmount Place.
Apartment 4B
Bronx, NY 10460

From,

Towaki Komatsu