UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
DOV HIKIND,

        Plaintiff,                    **MEMORANDUM AND ORDER**
                                         Case No. 19-CV-3956 (FB) (CLP)

  - against -

ALEXANDRIA OCASIO-CORTEZ,

        Defendant.
---------------------------------------------------x

**BLOCK, Senior District Judge:**

      The plaintiff in this case alleges that Congresswoman Alexandria Ocasio-Cortez violated his rights under the First Amendment when she blocked him from her Twitter account.  Towaki Komatsu, proceeding pro se, moves to intervene on the grounds that New York City Mayor Bill DeBlasio and other city officials have blocked him from their Twitter accounts and have repeatedly barred him from public forums.

      Komatsu is not entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a).  Since he does not claim that he was blocked from Ocasio-Cortez's Twitter account, he plainly does not have a legally cognizable interest "relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2).  Nor, then, will disposition of this case "impair or impede [his] ability to protect [his] interest." *Id.*

1

The Court, in its discretion, denies permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). "Whether First Amendment concerns are triggered when a public official uses his account . . . will in most instances be a fact-specific inquiry." *Knight First Amendment Inst. v. Trump*, 928 F.3d 226, 236 (2d Cir. 2019). Therefore, Komatsu does not have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

For the foregoing reasons, the motion to intervene is denied. Further, the Court warns Komatsu that the filing of frivolous motions will not be tolerated.[1] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purposes of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S Frederic Block
FREDERIC BLOCK
United States District Judge

October 3, 2019
Brooklyn, New York

---

[1] Komatsu has filed similarly baseless motions to intervene in three unrelated cases. *See Headley v. City of New York et al.*, No 19-CV-4543; *CHIP, RSA, et al. v. City of New York,* No 19-CV-4087; *Demirayak v. De Blasio*, No. 18-CV-4723.